Good morning. May it please the Court, Seth Rau, Fora Collins, Willowood, and Brian Hines. In these consolidated cases, Your Honors, Willowood has the Court to reverse. It's the Court on both the duty to defend an underlying lawsuit, and also on the duty to indemnify for settlement of that same underlying lawsuit. Your Honors, the underlying suit was brought by a competitor, a long-time digital business partner, Repar Corporation. It was one client. In the underlying suit, Repar asserted several claims, including a claim for favor of infringement, for laying off their competition, visa express contract, and visa of implied contract. We've got two consolidated suits. If you're trying to figure out what you want us to do, a few words. In those cases, as the duty to defend, I take it you want us to say, to reverse the district court and say there was a duty to defend. Is that correct? You are correct, Your Honor. As you said, the duty to indemnify, I take it what you want us to do is say that the court should have graded some way judgment on that, that there was a factual issue. That's correct. And the second one, because this is a very different procedure than the one I'm familiar with, how is the judge to determine how much of the settlements that have been paid for the covered claims, whether it was reasonable to pay them or not, whether the payment was really for the trademark claims, which are those covered. Tell me how that works. Your Honor, there are provisions in Oregon law, common law, about decisions for allocation and how you determine the allocation. Those are questions of fact. However, the court never goes that far. The court could. So in your view, I mean, you don't know what the evidence will be, but at least from the way it's stated in the court, you can come back to this and say, okay, there's a fact question. I don't believe you have the capacity for covering a claim. I don't believe you're able to help. When I look at this, nobody would pay a penny for the advertising claim. You're screwed if you're covering it. That's right, Your Honor. What we're requesting is that the duty to identify is back to the district court. We'll have a discovery. We'll have some rejected motions for a trial, and those issues can be resolved using the work of the common law on exactly the questions that you and I raised about allocation, burdens of proof. It's irrespective of how we come out on the duty to defend. Do their rights fall together? They do not rise and fall together, Your Honor. Admittedly, they are close. They are closely tied. And from our perspective, Your Honor, the district court tied them too closely together in rejecting the one-sided evidence, the original side of the evidence at all as to the basis for the settlement. That is what Oregon law says. That's why I wanted to come back to that, because that's true for a moment that what we had was the first complaint, which in my view didn't expressly make an advertising injury allocation. I think the second complaint more clearly does. If all we had was the first complaint, and the district court said no duty to defend because I don't see anything in this complaint that triggers it, and then you went out and made a settlement and you covered an area of advertising injury. Who wouldn't be a duty to identify that? You'd have to get some notice to the insurer that we're about to settle for something that wasn't covered by the complaint that you have the ability to show up to do something. So they really are tied together, aren't they? You have to have at some point along the way some duty to defend or be notified of a duty to defend before you can get some immediate notification from Congress. Well, Your Honor, on these facts, and I don't think it's in the record, we did provide notice, but I think that's a separate question. You also had a second complaint, which more clearly made the advertising injury allocation. I think that individual that you posed, Your Honor, would be a more difficult question to address as to how exactly to be fair to insurance carriers if you are going to go out and settle. I know the cases say the duties are not the same, and obviously you could have a duty to defend, but at the end of the case, the judgment may be for something that you're not covering, and you don't have a duty to indemnify. But in a case like this where there's a quick settlement, it seems to me there has to be something, something of a duty to defend. Well, Your Honor, I think there's just too much to disagree. And it would depend on facts. Oregon law clearly allows for there to be a duty to indemnify even when there is no duty to defend. Can we go back to a few cases in which one could imagine or in which it's been litigated that it has proven true? Can we go back to what the district judge said here? And I'm trying to figure out how to deal with it. The judge said, well, basically this looks like an advertising injury. But it's not really an advertising injury. It's really a trademark or a copyright or an intellectual property claim. You're really complaining that they used your name without your permission. You're really not complaining that you suffered the kind of injury that insurance policy covers. Would you respond to that? I would, Your Honor. And this has become something, as you know, about the legal market perhaps, and we'll turn to one more about the language. But the district court focused on what he called rather a theory complaint, which was his terminology for the analysis you just went through. And we believe that that is just fundamentally in conflict with Oregon law. Oregon law says on the duty to defend, and this is in the Brzee case and the more recent West Hills case that we did, as a medical attorney here, Your Honor. Oregon law says on the duty to defend, you carefully parse the complaint. You go through each element, and you examine each part of the complaint separately, and you credit any ambiguity, benefit or doubt, in favor of how would you favor the duty to defend. This engravement approach lies in the face of all of that case law. You can't talk about the engravement of a complaint consistently in Oregon law when you've got multiple separate claims here. Let me assign. Let me challenge you. I apologize for interrupting on his use of the engravement or the phrase engravement, which I'll say is the synonym for a focus of his examination. Again, I view him saying that the gravamen of the complaint is the trademark infringement. Let me explain it a bit further and ask you what is for me the $453,625 question, okay? Let's assume for the moment that the district court was correct and that the trademark, if I pronounce this correctly, could be considered an advertising idea. The IP exclusion precludes coverage for claims arising out of trademark infringement, which one could say is the gravamen of the complaint. Oregon law defies arising out of as resulting from or with a causal connection. I view him saying the gravamen of this case is the causal connection between the claim and the injury. And since the advertising idea, which is at issue here, is also a trademark claim, doesn't that mean that any claim for advertising injury must be based on the use of the trademark and that's barred by the exclusion? Your Honor, all of that would be true if the complaint did not include a claim for breach of the implied contract and the factual allegations when tied in with that complaint, to make it clear, although I should not use the word clear in an argument I've been told, that what Rebar was alleging is that a term of the implied contract related to use of the name Terry Kahn and that allegedly Willowood had breached that term of the implied contract and that Rebar had suffered damages as a result. That's all there is to it. Your answer to that seems to me might well be something like this. It may turn out after trial that they had no duty to defend or no duty to indemnify me because our trademark claims were good and our contract claims were bad. Well, legal term. But on the face of the complaint, we just shouldn't assume that the only way we could win was by trademark claim. That's exactly correct, Your Honor. But on the face of the complaint, the only causal connection between your contract claim and your damages is the use of the trademark, Terry Kahn. Right? That's the gravum of the causal connection. Well, that's what the district court referred to it. However, Your Honor, I would posit this. If this Rebar claim had gone to trial, there would have been separate jury instructions on a trademark claim, not on a breach of implied contract claim. Rebar would have recovered on the breach of implied contract claim even if Rebar had no intellectual property or trademark type of influence. In other words, that's not the question, I think, that Judge Harris is asking. Let's assume for a second that you do have a trademark claim because could we take the face of the complaint? Could there be any damages here from the breach of the contract that were not exactly the same damages that came out of the trademark claim? That may be true, but I would posit this. In a case like this, let's say that Rebar did not allege that it had any trademark breach, any breach of implied contract. The measure of damages in such a case, and the insurance policy specifically calls out breach of implied contract for use of others advertising in the exception of the exclusion. So what other damages could there be than damages measured by this Willowwood's own sales that were allegedly sole undertaken from Rebar? I guess what troubled me about it is this. I'm not sure where Jim Zuccario was going, but it troubles me. If the policy takes you to express trouble to exclude trademark claims, can you, in effect, rename these contract claims and therefore take over again? The answer to that, your Honor, I would suggest would be that the insurance company defend the case, and if indeed there's no basis for this allegedly trumped-up implied contract claim, defend that claim, and if that claim fails on its merits, then if all you want the trademark claim is when it comes to indemnification, then the exclusion would apply. But I've never got that far. No, I understand. And what interests me about that is the continuous state of New York in cases that the duty to identify may be broader than the duty to defend. You just give me a very nice example where the duty to defend is much broader than the duty to identify. And that is what Oregon law is designed to accomplish, Your Honor. And I would suggest that another problem with the district courts who have them in analysis is that it makes it difficult for policyholders and insurers, I would say, to figure out when they're supposed to be defending these claims. Because it puts insurance companies and their adjusters in the position of having to figure out what the problem and what the complaint is. It was so unfaithful to complain when you've got a good trademark claim. In other words, I don't know that... Well, the evidence looks like... You'll realize that you've got a trademark claim, but it may turn out that it's a terrible trademark claim. And, in fact, in this case, as the evidence, the duty to identify case suggested, the evidence we put in, there were lots of problems with your trademark claim and potential defenses. And that's why we alleged that it may have at least shown there to be a questionable fact as to whether the basis of the settlement, that's the Oregon construct there, the basis of the settlement was, in fact, the breach of implied contract claim because there was a little risk on the trademark claims due to political vulnerabilities. And I don't know what you have tracked, but do what you feel realistic. Do you think that the affidavits there are enough to create a questionable fact? In other words, in every case, then, wouldn't the attorney just say, in my view, one of the things we paid for was... The problem, Your Honor, of course, is that at the settlement stage, that's all that you have. Or you could have the plaintiffs or the people who paid them, you could say, we paid some money for this. Well, we paid the money. Well, we paid the money, and it's on attorneys, and it's at CEOs, and it's... Well, so the other side... Your Honor, I would submit it would create an insurmountable barrier to everything that's a judgment on a duty-to-be-identified case that's a duty-to-be-identified settlement. That would be just very difficult. If there's nothing else, I'll reserve the rest of my time. Thank you. Thank you so much, Mr. Graham. Good morning, Your Honors. May it please the Court. My name is Daniel Graham. I'm constant for a light world, and I will be arguing on behalf of the Campbell and Shivers. Do both claims, price and fault together, have a duty to defend any identification? No, Your Honor. Our duty to defend is a separate analysis. It's broader. The duty to indemnify is a narrower obligation. It's based on, when you're dealing with a pretrial settlement, the allegations of the complaint and any evidence that was developed in support or defense of those allegations. So, no, it doesn't rise to fault. So then we deal with the duty to defend and we deal only with the face of the complaint? That's correct, Your Honor. In fact, that's the testament order. Okay. And do you agree we're dealing with... I don't know if it's the second amended complaint, but the final complaint here, we're dealing with that? Yes, Your Honor. The original complaint... Well, let's take a step back. First of all, under Oregon law, the duty to defend is determined by the policy. And taking a look at the terms and conditions to ascertain what's the scope of the coverage. And then it's based on the allegations of the pleading and whether those allegations without amendment trigger a duty to defend. Because under Oregon law, the allegations of the complaint should be sufficient to let the insurer know whether or not... At least my question could be, is it possible in this case that the district court may have been correct in the original ruling, which is later vacated in the enforcement in front of us, and been correct with respect to the second ruling? I'm not sure that the first complaint alleged advertising injury, but even the district court thought the second complaint alleged advertising injury. So once it alleges advertising injury, aren't we talking from the Oregon house's... No, Your Honor, because under the district... Well, first of all, the second amended complaint was filed shortly after the order was... It led to the order that we're reviewing. Right, right. So having said that, the second amended complaint alleges advertisement. And what the district court appreciated is what this court has recognized when it affirmed the Bass Law decision. Purposely, there's other cases where just because you use advertising in conjunction with a trademark infringement claim doesn't transform it into an advertising injury. Right, it may not be transformed for purposes of final judgment. But weren't they tied up to say, look, why don't you say, yeah, sure, I've got our trademark claims. For purposes of this, maybe we don't even have a valid trademark. We'll just allege it. But even if our trademark claim isn't any good, you used our name without permission. You didn't breach our contract in the advertisement, and we suffered damages. People thought they were buying our product when they were proxy claimants. I don't know if they can prove any of that, but that's the thing. So why not the entire... So here's our one claim. Why not? Here's another claim. Why not? And you have to defend at least that claim that falls within your policy. Because the insurers are obligated and entitled to look at the allegations that you've made and determine whether that triggers a duty to defend. That's how they're going to make that determination. When they look at allegations in the Second Amendment complaint, for example, all of the claims in the general allegations are predicated on the misuse of the trademark, the W-Con mark. It turns out not to be a trademark. So we're dealing here... We're not dealing with a summary judgment. We're dealing with a Facebook complaint. But it turns out that they've made up that they have a trademark. Well, the allegations are what determine the duty to defend, and unless that complaint changes, that's what determines the duty to defend. And even in the context of the Second Amendment complaint, notwithstanding references to advertising, it was claims... They were claims predicated on trademark. So... So the allegations... So to go back to my hypothetical, a good lawyer sits down and drafts a complaint and goes, I think we have a trademark, it's not registered, but I think we have a trademark and can make trademark claims. But even if we don't, these guys promised not to do this. So many people like to listen to the alternative. Under those circumstances, under the Second Alternative, this was actually covered by the policy. Under those circumstances, you can look at it and say, well, you've made alternative allegations for a need not to defend. Well, I think it depends on the allegations, but that's basically... That's my hypothetical. I have an unregistered W-Con trademark. I go to a lawyer and say, whatever they say, for example, a lawyer would say, I promise not to, you know, I promise not to use your name to describe other people's products. Well, the lawyer goes, listen, and here we are, and the lawyer says, well, I've got two possible claims against the law. One is, this trademark claim is kind of iffy because it's not registered and many other people are using it, but I've also got their promise that if you do this, you're going to bring us to the baseline and that's what they do. Those are the facts. And you say, well, there's no clue. You're covering a straight word. I don't have to say it. I will cover the other one. It depends on if the allegations intertwine the allegations. Well, I'm going to say the allegations. That's the allegations. So in that instance, I would say you may not have a duty to defend that particular complaint because if the allegations sound in trademark infringement and if the causes of action are intertwined with the trademark infringement, then that is what the insurer looks at. Well, unless they do under your circumstances to say, these are alternative allegations. We may not be able to prove one, but we might be able to prove the other. That would be an determination the insurers would have to make in that instance. That's not what's alleged in this particular case, Your Honor. In this case, the general allegations set up a claim with respect to trademark infringement in connection with a particular mark. That's what the arbiter or the author of its claims are characterizing to become named if it is a trademark. And so those general allegations are replugged and re-alleged throughout the causes of action in all of the complaints, including the second amendment complaint. But that's why I was asking what the first report looked at. It seems like you're not making any contract claim there. You're just making trademark claims. And they said, whoops, you're right. Our trademark claims may not be very good. I'm just thinking it, Your Honor. So let's make a contract claim. And here we have it. We have a contract claim. Now it may turn out to be an awful contract claim, but they made it. Are you really evaluating its strength at this point when you're saying we'll defend it or injure it? I think what you're looking at is the allegations of the complaint and what's pledged. You're not making an independent assessment of whether the claim is proper or not. You're the insurance company looking at this. You've got your policy exclusions that say you do not provide coverage for a trademark infringement or personal unadvertised entry arising out of having a trademark infringement. So you look at the allegations of the complaint and you determine whether those allegations trigger a duty to defend. This case was sued. And if the insurer here had thought that they might be sued in the alternative as well as the trademark and in something that wasn't trademarked in the advertising, one being covered and one not being covered, they assume some risks there by settling this case. But if they assume the risk that they can't develop, but in fact, the plaintiff is suing for something else, the plaintiff's happy to get whatever settlement they can. They agree on a figure. But doesn't that put them into a position to discourage parties from settling? Not at all, Your Honor. In the duty to identify context under Oregon law, if the facts are demonstrated or if the facts develop that you're dealing with a covered claim and an insurer asks to take a look at those facts that are developed to make that assessment, but if you're trying to settle this thing at an early stage and it's not clear how it would develop that trial, the plaintiffs are going to reveal to you their trial strategy or their alternative arguments or their thought that, well, if the district court stops us on this one, we'll do it in a separate path. The insurer may actually have an incentive to take this trial to allow the plaintiff to prove these claims so that they then can get their cost of trial covered. Well, I think, Your Honor, as far as the allegations are determined, to assess whether there's a duty to defend it has to start with the allegations. We're not dealing with alternative costs of action. We're not facing waste of duty containing. The cost of defense would far exceed the cost of settlement or even the cost of liability. And because it's such a major cost, I mean, we may be discouraging parties from settling by creating things so narrow. Well, Your Honor, I think, respectfully, if you're dealing with a claim that's not covered, then that's not something that the insurer has assumed the obligation to resolve on behalf of the insurer. Again, it's the obligation of the judge to judge her with these questions about what if you have something that is capable of going down to the first point of the discovery of one which is not covered. If you were truly dealing with claims one of which is covered and the other is not, you would have a duty to defend the claim. And claims that arise under precisely the same set of facts. So, let's assume there's an automobile accident and you exclude an intentional accident policy but not negligence and the other side says, you intended to hit me with this precisely the same set of facts. The allegation is correct, Your Honor. I don't understand the distinction between that and this case where they get two allegations arising out of the same set of facts. You used a debut gun and aimed at your advertising. You think this is a trademark infringement? Even if you can't use the debut gun, you told your suit. Your Honor, I don't think that's what the allegations say in the Second Amendment complaint. What they're alleging is the fact that this is all trademark infringement. Even in their implied contract, they're asserting that this is a trademark. And they're saying it's because Willowwood misused the mark that we're also pursuing a claim in an implied contract. No wonder the terms of the exclusion, if the injury arises out of an infringement of a trademark, the exclusion captures those costs. That sounds to me like a terrific argument, which you might well win at the D-75 stage. But if we're really looking at the contents of the complaint, don't you have to show up in the Federal Arrest Office and reserve your rights? No, Your Honor. Not when the allegations state that the claim is within the trademark infringement exclusion, as it is in this particular case. Again, if you look at the general allegations of this complaint, incorporated in  case, you can see that throughout all of the causes of action, they all sound in trademark infringement. Now, to say, well, at trial, one might prevail and the other won't, that's not what Oregon law obligates an insurer to make the assessment and the duty to defend based upon. It takes a look at the allegations of the complaint at the outset, and then it proceeds and it determines whether it has the duty to defend, and it looks at the policy terms, and that's a fair assessment. That's not    obligates an insurer to do. I think it would be, I think to suggest that, that, uh, the District Court would be a true cursory analysis by looking at the bravament of the complaint and concluding it out with the orders that the Court issued. And I don't think the District Court is saying it's the bravament of the complaint. If you take a look at the last case, the bravament of the complaint is that this is the bravament  the complaint and that it is strictly the bravament of the complaint. That is the bravament of the complaint. They then be entitled as okay, I don't have a trademark. You swore promise not to use my name without my permission except for damages until I have an advertising injury. The cause of action refers to the mark. As the court found in the cause of action, it is based on a trademark. It is not essential to the cause of action trademark is it? Well, Your Honor, I don't know if it's essential as much as it's the allegations as flat, and that's going to determine whether the insurer has a duty to defend it. The allegations say that the contract cause of action arises out of the infringement of trademark, and therefore, if an insurer is looking at that without amendment, without a different iteration of the complaint, it's determining that that is in fact a cause   of infringement. And if you look at the expert report, Your Honor, respectfully, it's not about advertisement. The Dr. Fruits report is about sales. That's not advertisement. Under Oregon law, that's something separate, and that's precisely why the district court was able to say, I see these allegations of advertising, but it doesn't change the nature of the dispute here. And it's just the trademark. So, with respect to that, it seems to me that the district court was able            the analysis. And that's why I concluded that we need to identify them. We would ask the court to defer the dispute fact as to whether this settlement was on the basis of a corporate claim. Also use the term intertwined, and I think that's an important concept to look at here. The breach of implied contract claim was not intertwined with the contract or the  intellectual property. I want to say that what I'm saying is that might be true if you hadn't pleaded in your breach of contract claim, but the breach occurred with the use of the registered trademark claim. I don't think it does, Your Honor, because insurance companies, when they're making the duty to defend assessment, are, I believe, required to look down the road and see if these claims, if they went to trial, what could happen. That's exactly what Oregon law says. You're supposed to do on the duty to defend assessment, but in the implied contract claim, does it change the fact that the breach of implied contract claim is not intertwined with or dependent on trademark status, which is an exclusive here. Thank you. Thank you.
judges: Bybee, Hurwitz, Zouhary